UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN JOYCE MOORE** | CIVIL ACTION |
| **VERSUS** | NO. 24-2468 |
| **CITIZENS INC.** | SECTION L (1) |

## ORDER & REASONS

Before the Court is Defendant Citizens Inc.' Motion to Dismiss for Lack of Jurisdiction. R. Doc. 4. Plaintiff Gwendolyn Joyce Moore, proceeding *pro se*, filed a response opposing the motion and requesting additional time to further respond. R. Doc. 6. She also filed a motion for entry of default. R. Doc 5. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I. BACKGROUND

Plaintiff filed suit regarding a life insurance policy. R. Doc. 1. She named as Defendant "Citizens, Inc." a Texas Corporation. *Id.* at 4. The entire substantive summary of her claim reads as follows:

> On September 26, 2024, a copy of a special whole life policy in my name was sent to the headquarters of Security Plan in Donaldsonville, Louisiana to make an option for the best availability or investment of these funds. The response was that the policy does not exist in their records.

R. Doc. 1 at 4. Plaintiff further claimed that this Court has diversity jurisdiction. *Id.* at 3. However, in the blank labeled "amount in controversy," she wrote "unknown cash value." *Id.* at 4. In the "Relief" section, Plaintiff only wrote: "I request from the Court truth and accuracy regarding the existence of the policy and its worth for investment options." *Id.* at 5. Plaintiff also attached a copy of the policy to the complaint. R. Doc. 1-1 at 8. The policy, which is dated from 1958, lists that "Gwendolyn Joyce Moore" is the insured and "Rose Mae Moore – 21 – Mother" as beneficiary. *Id.* at 9. The policy provides for a "maximum death benefit" of "$500." *Id.*

1

## II. PRESENT MOTION

Defendant moves to dismiss the suit. R. Doc. 4. It points out that in the complaint, Plaintiff specifies that the value of her claim is "unknown." *Id.* at 1. Further, she attaches the policy itself, which states that it has a maximum death benefit of $500. *Id.* Accordingly, Defendant argues that the suit should be dismissed for lack of diversity jurisdiction because the amount in controversy requirement is not met. Furthermore, Defendant notes that it "has no idea why it is named as a defendant in this case which allegedly arises out of a policy issued by Imperial Life Insurance Company of New Orleans. Citizens, Inc. is not related to Imperial Life Insurance Company and has no connection to that company." *Id.* n.1.

Plaintiff filed a response. R. Doc. 6. She requests more time to further respond to Defendant's motion to dismiss. *Id.* at 1. She also addresses the merits of Defendant's motion. *Id.* She claims that "federal jurisdiction is appropriate and correct. The special whole life policy of January, 1958 is worth far more than a $500 death benefit only if the insured has deceased. The worth and value exceeds 75,000." *Id.* at 2. Plaintiff contends that Defendant's actions have caused injuries to her "personhood" and that she believes its actions are "racially motivated" as she is "an African American single woman." *Id.* at 3. She further alleges that "Security Plan erased information from the policy in 2014 in Donaldsonville by an employee named Cynthia from the original (sanity or insanity)." *Id.* at 4. Overall, she writes, "I plead to have the right to present the original policy and find out its true worth and value." *Id.* at 5.

## III. LAW & DISCUSSION

The Court will dismiss the suit without prejudice. A federal court has subject matter jurisdiction on the basis of diversity of citizenship when two requirements are met (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may

move for dismissal when the court lacks subject jurisdiction. In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). Under Rule 12(b)(1), "the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

Here, as the party asserting diversity jurisdiction, Plaintiff has the burden of proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Plaintiff cannot meet that burden. Rather, her complaint facially states that her claim is for an "unknown cash value." R. Doc. 1 at 4. And, she attaches a copy of the policy which specifies that the maximum benefit is $500. In her opposition to Defendant's motion to dismiss, Plaintiff attempts to allege that the value of her claim "exceeds" $75,000. However, she offers no support for this assertion nor any explanation for why a policy listing a maximum benefit of $500 is likely worth above $75,000. Although Plaintiff requests more time to file an additional response, the Court finds such response would be futile as Plaintiff's complaint facially demonstrates that the amount in controversy requirement is not met.

Moreover, the Court notes that Plaintiff does not seem to have sued the correct party. Although she brings the instant suit against "Citizens, Inc," her complaint and opposition brief make no mention of how Citizens is connected to the life insurance policy underlying her claim. In her complaint and briefing, she only references an entity called "Security Plan" which is not named as a Defendant. Further, the policy underlying her claim was issued by Imperial Life Insurance Company of New Orleans. R. Doc. 1-1 at 8. Defendant notes that it has no affiliation with this entity and cannot understand why it has been sued.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion dismiss Plaintiff's suit without prejudice is **GRANTED.**

New Orleans, Louisiana on this 20th day of December, 2024.

_Eldon E. Fallon_
Eldon E. Fallon
U.S. District Court Judge
